## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BENJAMIN K. SHARFI, in his personal and fiduciary capacity as trustee of the Benjamin Sharfi 2002 Trust, and NESHAFARM, INC.<br><br>*Defendants*. | Case No. 2:21-cv-14205 |

## COMPLAINT

Plaintiff, United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General of the United States, and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers, files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1.     The United States brings this civil enforcement action under sections 309 and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319, 1344, against Defendant Benjamin K. Sharfi, in his personal capacity and in his fiduciary capacity as trustee of the Benjamin Sharfi 2002 Trust ("Sharfi Trust"), and Defendant NeshaFarm, Inc. ("NeshaFarm").

2.     As alleged herein, Defendants discharged pollutants into waters of the United States without authorization, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

3.     The United States seeks injunctive relief, civil penalties, and other relief as requested herein.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction pursuant to 33 U.S.C. § 1319(b), (d)

and 28 U.S.C. §§ 1331, 1345.

5.      Venue is proper in the Southern District of Florida pursuant to 33 U.S.C.

§ 1319(b) and 28 U.S.C. §§ 1391(b), (c) and 1395, because Defendants reside or have their

principal place of business within this District, Defendants conduct business in this District, the

waters of the United States into which pollutants were discharged are located in this District, and

the events giving rise to these claims occurred in this District.

## NOTICE

6.      The United States shall immediately provide notice of the commencement of this

action to the State of Florida pursuant to 33 U.S.C. § 1319(b).

## THE PARTIES

**A.      Plaintiff United States of America**

7.      Plaintiff in this action is the United States of America. Authority to bring this

action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519.

**B.      Defendant Benjamin K. Sharfi**

8.      Defendant Benjamin K. Sharfi is an individual residing in this District.

9.      Defendant Benjamin K. Sharfi is and was, at all times relevant, trustee of the

Sharfi Trust.

**C.      Defendant NeshaFarm**

10.      Defendant NeshaFarm is a Florida corporation.

11.      Defendant NeshaFarm has a principal place of business at 3731 NE Pineapple

Avenue, 2nd Floor, Jensen Beach, Florida 34957.

12.     Defendant Benjamin K. Sharfi is and was, at all times relevant, an executive officer of NeshaFarm.

13.     Defendant Benjamin K. Sharfi was, at all times relevant, the president of NeshaFarm.

## FACTUAL ALLEGATIONS

### A.      Wetlands on the Site

14.     On or about April 24, 2017, Defendant Benjamin K. Sharfi, as trustee of the Sharfi Trust, acquired a parcel of real estate in Martin County, Florida, with Parcel Identification Number 17-38-40-000-038-00000-0.

15.     For purposes of this Complaint, the parcel of real estate described in Paragraph 14 is the "Site."

16.     The Site comprises approximately 9.92 acres.

17.     On or about January 14, 2019, the Sharfi Trust sold the Site to Defendant NeshaFarm.

18.     Before the Sharfi Trust sold the Site to Defendant NeshaFarm, and at least as early as about February 2018, Defendant NeshaFarm, by and through its agents, directed activities at the Site, including the conduct that forms the basis of this Complaint.

19.     Prior to the conduct alleged below, approximately five to six acres of the Site were inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and under normal circumstances did support, a prevalence of vegetation typically adapted for life in saturated soil conditions.

20.     The approximately five to six acres of the Site described in Paragraph 19 were wetlands.

3

21.     Prior to the conduct alleged below, the wetlands on the Site were part of a larger contiguous wetland complex.

22.     The contiguous wetland complex borders and abuts Bessey Creek.

23.     Water flows in Bessey Creek every day of the year, at least during a typical year.

24.     As Bessey Creek flows eastward, it becomes subject to the ebb and flow of the tide.

25.     As Bessey Creek flows eastward, it becomes navigable in fact or could reasonably be so made.

26.     Water from Bessey Creek flows into the confluence of the C-23 canal and the North Fork of the St. Lucie River.

27.     Water flows in the C-23 canal and the North Fork of the St. Lucie River every day of the year, at least during a typical year.

28.     The C-23 canal in the area of the confluence with Bessey Creek and the North Fork of the St. Lucie River are subject to the ebb and flow of the tide.

29.     The C-23 canal in the area of the confluence with Bessey Creek and the North Fork of the St. Lucie River are navigable in fact.

30.     The C-23 canal in the area of the confluence with Bessey Creek and the North Fork of the St. Lucie River are used or are susceptible to use in interstate or foreign commerce.

31.     Prior to the conduct alleged below, the wetlands on the Site, when considered alone or in combination with similarly situated lands in the region, significantly affected the chemical, physical, and biological integrity of traditional navigable waters, including Bessey Creek, the C-23 canal, or the North Fork of the St. Lucie River.

B.      **Defendants' Conduct**

32.     On or after April 24, 2017, Defendants or persons acting at their direction, on their behalf, or under their supervision, operated earth-moving equipment and heavy machinery, including, without limitation, a dump truck and backhoe, on wetlands at the Site.

33.     Defendants' operation of the equipment described in Paragraph 32 resulted in the placement of dredged spoil, biological materials, rock, sand, cellar dirt, or other earthen material into wetlands on the Site.

34.     Defendants constructed a road around and through wetlands at the Site.

35.     Defendants isolated wetlands at the Site from the larger contiguous wetland complex of which the wetlands at the Site had been a part.

36.     Defendants or persons acting at their direction, on their behalf, or under their supervision, operated earth-moving equipment on wetlands within the perimeter road that Defendants constructed around and through wetlands at the Site.

37.     Defendants' operation of the equipment described in Paragraph 36 resulted in the placement of dredged spoil, biological materials, rock, sand, cellar dirt, or other earthen material into wetlands on the Site within the perimeter road.

38.     Defendants' conduct had the effect of replacing wetlands on the Site with dry land or changing the bottom elevation of wetlands on the Site.

39.     At no time did Defendants or any person on their behalf secure and comply with a permit issued pursuant to 33 U.S.C. § 1344 for the discharge of dredged or fill material into navigable waters at the Site.

## CLAIM: DISCHARGE OF POLLUTANTS WITHOUT A PERMIT

40.     The United States repeats the allegations set forth in Paragraphs 1–39.

41.     CWA section 301(a) prohibits any person from discharging a pollutant from a point source into navigable waters, except in compliance with various sections of the CWA, including section 404. 33 U.S.C. § 1311(a).

42.     The CWA defines "navigable waters" as "waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

43.     CWA section 404 authorizes the issuance of permits for the discharge of dredged or fill material into waters of the United States. 33 U.S.C. § 1344.

44.     Defendants violated and will continue to violate CWA section 301(a) by their unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Site without a permit.

45.     Defendant Benjamin K. Sharfi is a "person" because he is an individual. *See* 33 U.S.C. § 1362(5).

46.     Defendant NeshaFarm is a "person" because it is a corporation. *See* 33 U.S.C. § 1362(5).

47.     The dredged spoil, biological materials, rock, sand, cellar dirt, or other earthen material that Defendants discharged or caused to be discharged on wetlands at the Site, as alleged herein, constitute a "pollutant." *See* 33 U.S.C. § 1362(6).

48.     Defendants discharged a pollutant from a "point source," because, among other things, earth-moving equipment and heavy machinery used at the site are "point sources." *See* 33 U.S.C. § 1362(14).

49.     The wetlands on the Site constitute waters of the United States.

50.     The contiguous wetlands complex (which encompassed wetlands on the Site prior to the alleged conduct), Bessey Creek, the C-23 canal, and the North Fork of the St. Lucie River are and were at the time of the alleged discharges waters of the United States.

51.     Defendants violated 33 U.S.C. § 1311(a).

52.     To date, Defendants have allowed pollutants that had been discharged without authorization to remain in waters of the United States.

53.     Defendants remain in violation of 33 U.S.C. § 1311(a).

54.     Defendants are jointly and severally liable for the CWA violations alleged herein.

## **PRAYER FOR RELIEF**

55.     WHEREFORE, the United States respectfully requests that the Court order the following relief:

a.     Enjoin Defendants from further discharging pollutants into waters of the United States, except in compliance with the CWA;

b.     Compel Defendants to restore the impacted waters of the United States;

c.     Require Defendants to mitigate the impacted waters of the United States;

d.     Assess and direct Defendants to pay civil penalties;

e.     Award the United States costs and disbursements in this action; and

f.     Grant any such other relief as the Court may deem just and proper.

Dated:  May 12, 2021

Respectfully submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General

*Of Counsel:*

*/s/ Brandon N. Adkins*
BRANDON N. ADKINS (Bar ID: A5502752)

William J. Moore III
(FL Bar No. 0971812)
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, FL 32207
Tel: (904) 232-2466
William.J.Moore@usace.army.mil

*/s/ Andrew J. Doyle*
ANDREW J. DOYLE (FL Bar No. 84948)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-9174 (Adkins)
Tel: (415) 744-6469 (Doyle)
Fax: (202) 514-8865
Brandon.Adkins@usdoj.gov
Andrew.Doyle@usdoj.gov

JUAN ANTONIO GONZALEZ
Acting United States Attorney

DEXTER LEE (FL Bar No. 936693)
Assistant United States Attorney
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
Tel: (305) 961-9320
Fax: (305) 530-7679
DLee@usa.doj.gov

*Attorneys for the United States*