UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14205-CIV-MARRA/MAYNARD

**UNITED STATES OF AMERICA**,

    Plaintiff,

**v.**

**BENJAMIN K. SHARFI, in his personal and
fiduciary capacity as trustee of the Benjamin
Sharfi 2002 Trust, and NESHAFARM, INC.,**

    Defendant**s**,

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF UNITED STATES' MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS (DE 59)

**THIS CAUSE** is before me upon Plaintiff United States' Motion to Compel Production of Financial Documents ("Motion to Compel").[1] DE 59. The District Court has referred this case to me for disposition of all pretrial discovery motions pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. DE 16. I have reviewed the Motion to Compel, the Response (DE 61) and the record in this case.[2] For the reasons detailed below, Plaintiff's Motion to Compel (DE 59) is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

Plaintiff filed this action on May 12, 2021 as a civil enforcement action under sections 309 and 404 of the Clean Water Act alleging that Defendants discharged pollutants into waters of the

---

[1] The Motion to Compel and Response include a request for oral argument "unless it is unnecessary to assist the Court in resolving . . . the motion." DE 59 at 2; DE 61 at 5. Because I do not find oral argument necessary to resolve the motion, I decline to hold a hearing for oral argument.

[2] The reviewed record includes Plaintiff's Notice Regarding Plaintiff United States' Motion to Compel Production of Financial Documents. DE 63.

United States without authorization because Defendants were filling in wetlands on the subject property without a permit.  DE 1.  Plaintiff brings this action by the authority of the Attorney General of the United States and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers (the "USACE").  DE 21 at 1.  Specifically, Plaintiff has alleged that on or after April 24, 2017, Defendants engaged in earth-moving activities on the property at issue in this litigation ("Site").  DE 21 at 5.

The parties' discovery efforts have been somewhat contentious and slow-moving.  *See* DE 34; DE 47; DE 49; DE 59.  As a result, the District Judge recently granted Plaintiff's unopposed motion to extend discovery deadlines.  DE 55.  Indeed, the District Judge has extended the Discovery Motion Cut-Off to June 24, 2022 from May 27, 2022 and the Expert Witness Disclosures deadline from January 21, 2022 to February 18, 2022.  DE 53; DE 55.  In the instant dispute, Plaintiff seeks to compel the production of financial documents regarding Defendants' financial condition and any financial transactions between Defendants as requested in two requests for production ("RFP") directed to Defendant Sharfi ("Sharfi RFP") and Defendant NeshaFarm ("NF RFP").  DE 59.  Specifically, Plaintiff seeks documents responsive to Sharfi RFP Nos. 44, 47, 48, and 40 and to NF RFP Nos. 43, 44, and 45.  *Id.*  Plaintiff contends that the requested discovery is needed for Plaintiff's financial expert to complete a report by the February 18, 2022 deadline.  *Id.*  Plaintiff explains that the financial information is relevant to statutory facts to be considered by the Court when imposing civil penalties pertaining to the economic benefit from the violation and the economic impact of an imposed penalty.  *Id.*  Plaintiff also contends that, on November 4, 2021, it proposed to Defendants a protective order to govern Plaintiff's use of confidential financial information; however, Defendants have not engaged with Plaintiff to put a protective order in place.  *Id.*

Plaintiff attaches the RFP requests and responses to its Motion to Compel. DE 59-1.[3] The responses generally object that the requests go too far, and the burden and expense to "search countless sources and voluminous records is not proportional to the needs of the case." *See* e.g., DE 59-1 at 44. Defendants' responses also object on grounds of relevance to the extensiveness of the requests given that no judgment has been entered, and the parties are not engaged in post-judgment proceedings to locate a creditor's assets. DE 59-1.

Defendants' respond by repeating their objections that the scope of the requested discovery is not proportional, is overly intrusive, overbroad and unduly burdensome. DE 61. Even so, Defendants offer that they are willing to provide: "(1) the 2019 and 2020 tax returns for Mr. Sharfi and NeshaFarm, Inc.; and, (2) a financial statement for Benjamin Sharfi 2002 Trust (to be created by its CFO)" because the Trust does not file tax returns. *Id.* at 4. Defendants make their offer subject to a protective order but do not detail any efforts on their part to put a protective order in place. *Id.*

On January 18, 2022, Plaintiff filed a notice regarding the Motion to Compel, which provides an update regarding further communications between the parties. DE 63. Specifically, Plaintiff avers that, given Defendants' indication in their response that they would provide *some* of the requested financial information, Plaintiff made a counterproposal. DE 63. The counterproposal contained in correspondence attached to the notice provided for a narrowing of the financial information requested subject to Defendant Sharfi completing and signing under oath an "Individual Financial Data Request Form," which was not attached. DE 63-1 at 2-3.

---

[3] The Sharfi RFP and corresponding responses are located at DE 59-1 at 26-47. The NF RFP and corresponding responses are located at DE 59-1 at 48-67.

Specifically, Plaintiff agreed to limit its requests to six categories of financial information as follows:

1. Financial statements of the Benjamin Sharfi 2002 rust for 2017 to 2021 (5 years);

2. Year-end financial statements for Mr. Sharfi and NeshaFarm for 2017 to 2021 (5 years);

3. Federal tax returns for Mr. Sharfi and NeshaFarm for 2017 to 2021 (5 years);

4. Loan documents for any outstanding loans, by which we mean (1) applications, (b) agreements (including any amendments, schedules, attachments, etc.), and (c) communications with a lender regarding compliance with any financial covenants for staying in compliance with the loan;

5. Bank statements (including checking, savings, and brokerage or retirement accounts) for Mr. Sharfi and NeshaFarm for the last 12 months; and

6. Contracts to purchase or sell assets for $10,000 or more from 2017 to the present.

(the "Revised Financial Information Request"). *Id.*

According to Rule 26(b)(1):

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Thus, "[d]iscovery must not only be relevant to the claims and defenses in the case, but also must be 'proportional to the needs of the case.'" *Williams v. Sentry Data Sys., Inc.*, No. 20-61466-CIV, 2021 WL 4990611, at *1 (S.D. Fla. June 23, 2021) (quoting Fed. R. Civ. P. 26(b)(1)). "The determination of what is relevant for discovery purposes depends on the parties' claims and defenses. Further, the Rules of Civil Procedure shall be 'construed, administered, and

4

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* (quoting Fed. R. Civ. P. 1).

Additionally, Rule 37(a)(5) provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery. Fed. R. Civ. P. 37(a)(5). The court is required to order the payment of the moving party's expenses unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(ii) and (iii). Furthermore, "[a] court has wide latitude in imposing sanctions for failure to comply with discovery." *Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 667 (S.D. Fla. 2015) (citation omitted).

First, as to relevance, Defendants contend that "[t]his case is about whether there is federal regulatory jurisdiction over wetlands on Defendants' small parcel of land located miles away from traditionally navigable waters and that is connected (at most) by a series of manmade ditches." DE 61 at 2. Thus, Defendants argue that the subject discovery requests are not relevant. *Id.* at 3 ("No reasonable person would willingly provide all of their financial information to an opposing party when they believe the opposing party has no jurisdiction in the first place."). By so arguing, Defendants repeat argument in their motion to bifurcate the issue of jurisdiction (DE 30), which the District Judge denied (DE 47). Thus, Defendants' relevance objections on grounds that Plaintiff lacks (or may lack) jurisdiction are without merit. Also, Defendants' objection otherwise on grounds of relevance are without merit because Plaintiff demonstrates that the information is necessary for the Court to determine the economic benefit to Plaintiff of the violations and to determine the impact of imposed penalties. Because the allegations are that Defendants' violations began on or after April 24, 2017, the five-year timeframe for which Plaintiff seeks information is relevant.

Second, the Order Setting Discovery Procedures in this case directs that a party "shall . . . provide discovery as to those matters for which the scope or burden is not contested." DE 19 at 4. Defendants offer in their response to provide to Plaintiff certain limited financial information but have not provided *any* financial information to Plaintiff to date. Thus, Defendants are in violation of this Court's discovery procedures to the extent such limited information has not been provided to Plaintiff.

Thirdly, Defendants' objections and response are insufficient to address why the scope of discovery is overly broad and unduly burdensome. I find the objection regarding overbreadth to be without sufficient explanation. Therefore, as stated in the Order Setting Discovery Procedures, I find this objection meritless. *See* DE 19 at 4. As to burden, Plaintiff correctly argues that "[c]ertainly a corporate entity need not search 'countless sources' to find last year's tax returns." DE 59 at 7. Furthermore, while Plaintiff's requests for "all documents and ESI" might be onerous (DE 61 at 5), Defendants have not provided any examples or affidavits to demonstrate the burden or expense required for Defendants to comply with such request. *See Buczek v. Trans Union LLC*, No. 05-80834-CIV, 2006 WL 8435422, at *2 (S.D. Fla. July 25, 2006) (finding claims of undue burden were "unsubstantiated by specific examples or articulated reasoning"). Therefore, this Court lacks sufficient information to sustain an objection based upon the requests being overly burdensome and declines to grant Defendants' any relief on this basis.

Fourthly, Defendants' lack of active engagement relative to a protective order is unacceptable. Defendants' lack of response to Plaintiff's offer regarding a proposed protective order, that is for Defendants' benefit, portrays Defendants' resistance to the discovery requests as less than genuine especially in light of their willingness to provide *some* financial information. Nonetheless, given Plaintiff's willingness to narrow the scope in light of Defendants' objections

and willingness to provide *some* information, I decline to impose sanctions against Defendants at this time.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE 59) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion to Compel is **GRANTED** to the extent that Plaintiff has narrowed its request to the information requested in the Revised Financial Information Request that is detailed above. Defendants shall produce the information in the Revised Financial Information Request **by February 9, 2022**;

2. Defendants shall confer immediately with Plaintiff regarding a protective or confidentiality order to govern Plaintiff's use of Defendants' financial information and shall follow the Order Setting Discovery Procedures (DE 19) to resolve any dispute. Given Defendants' lack of previous engagement in putting such confidentiality order in place, however, Defendants' obligation to provide the information in the Revised Financial Information Request shall NOT be delayed pending resolution of any such dispute; and

3. The parties shall further confer in the immediate future regarding Plaintiff's request for an Individual Financial Data Request Form from Defendant Sharfi. Should the parties be unable to agree relative to Plaintiff's request in this regard, Plaintiff may follow the Order Setting Discovery Procedures (DE 19) to request Court intervention.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of February, 2022.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE