UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14205-CIV-MARRA/MAYNARD

**UNITED STATES OF AMERICA**,

 Plaintiff,

v.

**BENJAMIN K. SHARFI, in his personal and fiduciary capacity as trustee of the Benjamin Sharfi 2002 Trust, and NESHAFARM, INC.,**

 Defendant**s**,

_____/

### ORDER DENYING PLAINTIFF UNITED STATES' MOTION TO COMPEL PRODUCTION OF PHOTOGRAPHS AND VIDEOS WITHHELD BY THIRD PARTY CHRISTOPHER WATKINS AS WORK PRODUCT (DE 49)

**THIS CAUSE** is before me upon Plaintiff United States' Motion to Compel Production of Photographs and Videos withheld by Third Party Christopher Watkins [("Watkins")] as Work Product ("Motion to Compel").[1] DE 49. The District Court has referred this case to me for disposition of all pretrial discovery motions pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. DE 16. I have reviewed the Motion to Compel, the Response (DE 58) and the record in this case. For the reasons detailed below, Plaintiff's Motion to Compel (DE 49) is **DENIED**.

Plaintiff filed this action on May 12, 2021 as a civil enforcement action under sections 309 and 404 of the Clean Water Act alleging that Defendants discharged pollutants into waters of the United States without authorization because Defendants were filling in wetlands on the subject

---

[1] Plaintiff's Motion to Compel includes a request for oral argument "unless it is unnecessary to assist the Court in resolving the motion." DE 49 at 2. Because I do not find oral argument necessary to resolve the motion, I decline to hold a hearing for oral argument.

property without a permit. DE 1. Plaintiff brings this action by the authority of the Attorney General of the United States and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers (the "USACE"). DE 21 at 1. Specifically, Plaintiff has alleged that on or after April 24, 2017, Defendants engaged in earth-moving activities on the property at issue in this litigation ("Site"). DE 21 at 5. Plaintiff has also alleged review of satellite imagery in early January 2018, which confirmed that work in wetlands was being performed on the Site without a permit. *Id.* at 6. Plaintiff additionally detailed the communications with Defendants from January through April of 2018, which culminated in the USACE issuing a cease-and-desist letter to Defendant Sharfi on April 30, 2018. *Id.* at 6-9, 46-48.

The parties' discovery efforts have been somewhat contentious and slow-moving. *See* DE 34; DE 47; DE 49; DE 59. As a result, the District Judge recently granted Plaintiff's unopposed motion to extend discovery deadlines. DE 55. Indeed, the District Judge has extended the Discovery Motion Cut-Off to June 24, 2022 from May 27, 2022. DE 53; DE 55. In the instant dispute, Plaintiff seeks to compel the production of 717 photographs and videos taken on nineteen different dates between April 2018 and October 2021, which Defendants and Mr. Watkins (the "Opposition") are withholding on grounds of work product privilege.[2] DE 49 at 3-4. Plaintiff argues that the photographs and videos it subpoenaed from Mr. Watkins are not work product but are instead important *factual* evidence likely to depict changing conditions at the Site contemporaneous with Defendants' allegedly unlawful conduct. *Id.* at 5. Plaintiff contends that the photographs and videos are factual in nature because they are much like an eyewitnesses'

---

[2] The parties have provided two different privilege logs. Plaintiff's Motion to Compel attaches a privilege log, served on December 2, 2021, which lists photographs and videos taken from April 4, 2018 through October 20, 2021. DE 49-1 at 17-23. The Response attaches a privilege log, served on December 30, 2021, which lists photographs and videos taken from February 5, 2017 through October 20, 2021. DE 58-2.

2

account of conduct at the Site. *Id.* at 3. Plaintiff further argues that there is no evidence that the photographs and videos reflect thoughts or mental impressions of a lawyer. *Id.* Plaintiff also asserts it has a substantial need for the materials and cannot otherwise obtain their substantial equivalent because it cannot go back in time to show the changes in conditions at the Site that the subject photographs and videos have captured contemporaneous with Defendants' allegedly unlawful activities. DE 49 at 3; DE 49-1 at 3. Indeed, Plaintiff avers that it knows of no other means to obtain photographic or video evidence that is contemporaneous with Defendants' allegedly unlawful activities. DE 49 at 3; DE 49-1 at 3.

Defendants' counsel prepared the Response to the Motion to Compel.[3] DE 58. The Response argues that Mr. Watkins, who is an employee of one of Defendant Sharfi's related entities, took the photographs and videos in anticipation of litigation at the direction of legal counsel; therefore, they are protected work product. *Id.* at 2-3. The Response attaches the declaration of Joshua D. Miron, Esq., who attests that counsel directed Mr. Watkins to take the photographs and videos in anticipation of litigation. DE 58-1. Specifically, Mr. Miron states that the photographs and videos dated after August 24, 2020 were directed by him "for the primary purpose of aiding [him]self, together with future counsel and Defendants, to develop strategies in response to and in anticipation of, or actually during, litigation such that they are intended to be protected by the attorney work product privilege." *Id.* at ¶11. Mr. Miron also attests that, based upon his discussions with prior counsel, he understands that prior counsel directed the taking of photographs and drone footage between May 27, 2016 and August 24, 2020. *Id.* at ¶10. Mr. Miron attests that counsel's purpose for the photographs and videos at that time was to develop legal

---

[3] Defendants' counsel represents Mr. Watkins with respect to the Motion to Compel. DE 58 at 6; DE 52; DE49-1 at 10.

strategies in response to notices of violation pertaining to the Site because counsel anticipated litigation would follow. *Id.* Mr. Miron specifically references a notice issued to Defendant Sharfi on May 27, 2016 pertaining to property contiguous to the Site. *Id.* at ¶7. Mr. Miron also references an April 20, 2018 notice of violation pertaining to the Site itself. *Id.* at ¶8.

The Response also proffers several arguments as to why Plaintiff has failed to show that it cannot obtain the substantial equivalent of the subject photographs and videos by other means. DE 58 at 2, 4-5. First, the Opposition argues that Plaintiff does not acknowledge other photographs it has in its possession and why these would be insufficient. *Id.* at 4-5. The Opposition notes that the USACE was physically at the Site on May 14, 2018 and three times during 2021 taking photographs at the same time as some of the photographs and videos at issue were taken. *Id.* at 4-5. Second, the Opposition contends that Plaintiff can obtain aerial photographs, satellite imagery, and back-dated Google Earth photographs, even from other agencies, and has acknowledged doing so in the Complaint. *Id.* at 5. Indeed, the Opposition observes that the Complaint indicates that Plaintiff obtained photographs from the South Florida Water Management District that were dated from at least April 25, 2018. *Id.* at 4. Third, the Opposition contends that Plaintiff took no action between its initial contact of Defendants on January 10, 2018 and March 2021; however, nothing prohibited Plaintiff from taking photographs or drone videos during this timeframe. *Id.* at 5. Fourth, the Opposition argues that Plaintiff has not asserted undue hardship with respect to taking any of the aforementioned measures, e.g., obtaining photographs from other agencies or sources, nor that it has exhausted its ability to do so. *Id.* Therefore, according to the Opposition, Plaintiff has failed to meet its burden to prove that it cannot get—presuming it does not already have—the substantial equivalent to the subject photographs or videos without undue burden. *Id.*

"[T]he work product doctrine is a limitation on discovery in federal cases and federal law provides the primary decisional framework." *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (citing, among other authority, *Hickman v. Taylor*, 329 U.S. 495, 512 (1947)). Federal Rule of Civil Procedure 26(b)(3) has codified the rules pertaining to claims of work product immunity and states, in relevant part, as follows:

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

The burden is on the party claiming the privilege to demonstrate by a preponderance of the evidence that the privilege applies. *Raymond James Fin. Servs., Inc. v. Arijos*, No. 19-81692-CIV, 2020 WL 1492993, at *2 (S.D. Fla. Mar. 27, 2020). "The burden to sustain a claim of privilege is heavy because privileges are not lightly created nor expansively construed, for they are in derogation of the search for the truth." *Guarantee Ins. Co., v. Heffernan Ins. Brokers, Inc.*, 2014 WL 5305581, at *2 (S.D. Fla. Oct. 15, 2017) (internal quotation marks and citations omitted). A party withholding information must "expressly make the claim" and "describe the nature of the [materials] . . . in a manner . . . [to] allow other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "The Eleventh Circuit has held that while the disclosure of fact work-product can be

5

compelled upon a requisite showing, opinion work-product 'enjoys a nearly absolute immunity' and cannot be discovered merely upon a showing of substantial need and an inability to secure the materials by alternate means without undue hardship, i.e., the test under Rule 26(b)(3)(A)(ii), but rather is only discoverable in 'very rare and extraordinary circumstances.'" *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 620 (S.D. Fla. 2013) (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1421-22 (11th Cir.)).  In other words, a party seeking production of fact work product, which may include photographs taken at the direction of counsel, must show a "substantial need and undue hardship to obtain [the] substantial equivalent." *See Bettermann v. MSC Cruises (USA) Inc.*, No. 13-61087-CIV, 2013 WL 12125699, at *1 (S.D. Fla. Nov. 20, 2013).

The Opposition's objections are two-fold.  First, the Opposition objects on grounds that the photographs and videos at issue are protected work product.  Second, the Opposition contends that Plaintiff does not show substantial need and an inability to secure the materials by alternate means without undue hardship.[4]

As to the first objection, I find that the Response supports that the photographs and videos are work product.  Defendants' counsel attests that the photographs and videos, including those listed on a revised privilege log dating back to February 5, 2017, were directed by counsel in anticipation of litigation.  DE 58; DE 58-2.  In support, Defendants' counsel references notices of violations pertaining to the Site and property contiguous to the Site that prompted counsel during the relevant timeframe to direct the taking of the photographs and videos at issue due to anticipated litigation.  This is sufficient to establish that the photographs and videos are work product.

---

[4] The Response states that the photographs and videos belong to Mr. Sharfi.  DE 58 at 1.  Given that Mr. Watkins' objections to the subpoena were based on work product privilege, I do not address whether Plaintiff should have propounded its discovery request for the photographs and videos upon Mr. Watkins or Defendants.  Rather, I address the substance of the Opposition's work product objection.

Furthermore, I find that the photographs and videos are fact work product rather than opinion work product. The Opposition does not assert that the photographs and videos contain the mental impressions, opinions or legal theories of counsel. Accordingly, the Response does not argue that the photographs and videos are opinion work product, nor do I otherwise observe that they qualify as opinion work product. Rather, as Plaintiff observes, the photographs and videos appear to be factual in nature. Therefore, in order to compel their production, Plaintiff must show substantial need and an inability to obtain the substantial equivalent without undue hardship. *Bettermann v. MSC Cruises (USA) Inc.*, 2013 WL 12125699, at *1.

The Opposition's second objection is that Plaintiff fails to make a sufficient showing of substantial need and undue hardship in procuring the substantial equivalent by alternate means. I agree. Plaintiff asserts in a conclusory manner that it needs the photographs and videos to "depict[] the Site between April 2018 and April 2021" because Defendants were filling wetlands on the Site during this period, and Plaintiff cannot go back in time to photograph or video record. DE 49 at 6; DE 49-1 at 3. As the Opposition correctly points out, however, the operative complaint ("Complaint") references depictions of Defendants' violative conduct during this time period. Indeed, the Complaint included photographs of "significant clearing and earthmoving and the use of heavy machinery in saturated soils" that were taken on April 25, 2018. DE 21 at 9-10. Furthermore, the Complaint referenced satellite imagery following a May 14, 2018 inspection of the Site that "shows [Defendants] further expanded the road around the Site and placed additional fill within the Site." *Id.* at 13. This Court is also aware that Plaintiff had recent opportunities to inspect the Site and take photographs. DE 34 (Order granting motion to compel entry for Plaintiff's phase II data collection at the Site from October 18-20, 2021). Plaintiff does not reference the photographs and/or videos that it presently has or has access to, e.g., satellite imagery,

7

and how such is insufficient thus giving rise to a substantial need for photographs and/or videos that Defendants' counsel directed to be taken.  Indeed, although Plaintiff correctly notes that it cannot go back in time to recreate the photographs and videos that were taken at the direction of counsel for Defendants, it fails to address why alternative depictions of the Site as referenced in the Complaint are unavailable or insufficient.  Also, given the allegations in the Complaint that rely upon alternative depictions, counsel's attestation that Plaintiff "is not aware of any other means to obtain the substantial equivalent . . . of Defendants' unlawful conduct at the Site" is not supported by the record.  DE 49-1 at 3.  Thus, I find that Plaintiff fails to show substantial need and also fails to show an inability to obtain elsewhere the substantial equivalent of the photographs and videos at issue without undue hardship.  Fed. R. Civ. P. 26(b)(3)(A)(ii); *MapleWood Partners, L.P.*, 295 F.R.D. at 620.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE 49) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of February, 2022.

                                                SHANIEK M. MAYNARD
                                                UNITED STATES MAGISTRATE JUDGE