**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-14205-CIV-MARRA/MAYNARD**

**UNITED STATES OF AMERICA**,

    Plaintiff,

**v.**

**BENJAMIN K. SHARFI, in his personal**
**capacity and in his fiduciary capacity as Trustee**
**of the Benjamin Sharfi Trust, and**
**NESHAFARM, INC.,**

    Defendants,

_____/

**ORDER DENYNG DEFENDANTS' MOTION FOR PROTECTIVE ORDER**
**REGARDING DEPOSITION OF CHRISTOPHER WATKINS**
**("MOTION FOR PROTECTIVE ORDER") (DE 82)**

**THIS CAUSE** is before me upon the above-referenced Motion for Protective Order. The District Court has referred this case to me for disposition of all pretrial discovery motions pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. DE 16. I have reviewed the Motion for Protective Order, the Response (DE 84) and the record in this case. For reasons detailed below, Defendants' Motion for Protective Order (DE 82) is **DENIED**.

The Government alleges in this action that Defendants have discharged pollutants into waters of the United States, including wetlands, without a permit in violation of the Clean Water Act. DE 21. The parties have been engaged in Discovery since July 2021. DE 26 at 4. Following request for extension, the Court set discovery a deadline of June 24, 2022, for discovery motions. DE 55.

On December 17, 2021, the Government filed a motion to compel the production of photographs and videos taken by third-party Christopher Watkins, an employee of one of Defendant Sharfi's related entities ("Motion to Compel"). DE 49 at 4. On February 1, 2022, I denied the Motion to Compel because counsel for Defendants directed the taking of the videos and photographs in anticipation of litigation, they represented fact work product, and the Government had not made a showing of substantial need or undue hardship. DE 67 at 6-7.

In the instant Motion for Protective Order, Defendants seek to preclude the Government from questioning Mr. Watkins about the videos and photographs in a deposition scheduled for June 6, 2022, because the Court ruled that the videos and photographs constitute fact work product. DE 82. The Government argues that it seeks only to inquire about matters relating to Mr. Watkins' knowledge of the facts. DE 84 at 4. Further, the Government avers that it does not seek information about matters that would reveal counsel's mental impressions, opinions, or theories of the case. *Id.* In addition, the Government argues that it is entitled to question Mr. Watkins in order to establish relevant information about the assertion of the work product privilege. *Id.* at 7. The Government posits that such inquiries will not result in disclosure of privileged information because "[q]uestions regarding whether Mr. Watkins was acting at the direction of counsel would not elicit the substance of any directions or legal advice." *Id.*

The work product doctrine "cannot be used as a shield against discovery of the facts that have been learned, the identity of the persons who learned such facts, or the existence or non-existence of documents, even though the documents themselves may not be subject to discovery." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 688 (S.D. Fla. 2010) (citations omitted). Therefore, I do not find that the work product doctrine extends to protect Mr. Watkins' knowledge of facts. First, any knowledge of facts that Mr. Watkins acquired independent of the work he

completed at the direction of counsel is not subject to the work product privilege that this Court found applied to the subject videos and photographs.  The Government is entitled to question Mr. Watkins regarding his personal knowledge.  Second, knowledge that Mr. Watkins gained while taking the videos and photographs pursuant to the directive of counsel is not protected by the work product doctrine.  *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 699 (S.D. Fla. 1990) ("The work product privilege is not broad enough to prohibit all inquiry regarding information received from working with counsel.").  Moreover, Fed. R. Civ. P. 30(c)(2) provides counsel an ability to instruct a "deponent not to answer . . . when necessary to preserve a privilege" should questioning encroach upon matters deemed privileged.  Therefore, Defendants' counsel has access to a safeguard and may instruct Witness Watkins not to answer questions that, if answered, would reveal privileged information.

Additionally, as to the Government's questioning of Mr. Watkins to establish relevant information regarding Defendants' assertion of the work product privilege, the Local Rules contemplate providing a party "reasonable latitude during [a] deposition to question [a] witness [about] relevant information concerning the assertion of [a] privilege." S.D. Fla. L.R. 26.1(f)(2). The Local Rules also contemplate disclosure—when it will not cause privileged information to be disclosed—of certain basic information with respect to claims of privilege such as, among other things, the name of persons making a communication, the persons present while a communication was made, the relationship of the persons present to the person making a communication, the date and time of the communication and the general subject matter of the communication.  S.D. Fla. L.R. 26.1(e)(2)(B)(ii)(b).  Therefore, I find no basis to preclude the Government's inquiries about relevant information pertaining to the establishment of Defendants' privilege claim.  Accordingly, for all of the above reasons, it is hereby

**ORDERED AND ADJUDGED** that

1. Defendants' Motion for Protective Order (DE 82) is **DENIED**; and

2. Defendants' Motion for Leave to File a Reply in Support of its Motion for Protective Order (DE 90)[1] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 24th day of May, 2022.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants motion for leave to file a reply (DE 90) alternatively requests that the Court strike the Declaration of Brandon N. Atkins (DE 84-1) attached to the Government's Response. Because I did not rely upon the subject Declaration and because I did not require Defendants' reply to resolve the Motion for Protective Order, I am denying Defendants' motion for leave to file a reply. To the extent that Defendants find it "necessary to address and correct some of the factual and legal issues raised in Plaintiff's response" (DE 90 at 2), the exhibit (DE 90-1) to the motion for leave to file a reply may serve as such.