UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> BENJAMIN K. SHARFI, in his personal and fiduciary capacity as trustee of the Benjamin Sharfi 2002 Trust, and NESHAFARM, INC., <br><br> *Defendants*. | Case No. 2:21-cv-14205-KAM <br><br> Magistrate Judge Shaniek M. Maynard |

## UNITED STATES' MOTION TO STRIKE
## DEFENDANTS' UNTIMELY EXPERT DISCLOSURE AND REPORT

**NO REQUEST FOR ORAL ARGUMENT OR HEARING**

The United States does not request oral argument or a hearing on its Motion to Strike Defendants' Untimely Expert Disclosure and Report. If oral argument would assist the Court's decisional process, however, the United States would be pleased to provide it.

## INTRODUCTION

Plaintiff United States of America moves to strike the putative "amended expert disclosure" and accompanying putative expert report that Defendants Benjamin K. Sharfi and NeshaFarm, Inc. recently – and untimely – served. Defendants' purposeful conduct and the resulting harm to the United States require that Defendants be precluded from eliciting testimony from their untimely-identified witness and from using the opinions in his untimely report. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants have failed to comply with Rule 26(a), and they cannot meet their "burden of establishing that [their] failure to disclose was substantially justified or harmless." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (cleaned up; citation omitted).

## BACKGROUND

The United States alleges that Defendants violated the Clean Water Act ("CWA") by discharging pollutants in the form of dredged or fill material into CWA-protected wetlands without a permit issued under 33 U.S.C. § 1344. *See* Am. Compl. (ECF No. 21). The United States seeks, among other relief, a civil penalty that reflects the Court's consideration of (as pertinent to the subject matter of the untimely and deficient expert report in question) "the economic benefit (if any) resulting from the violation." 33 U.S.C. § 1319(d).

On December 28, 2021, Judge Marra issued an Amended Scheduling Order (ECF No. 55) that, *inter alia*, set deadlines of February 18, 2022, for the United States to identify its experts and produce reports; April 8, 2022, for Defendants to identify their experts and produce reports; and June 15, 2022, for concluding all discovery.

1

On February 18, 2022, the United States identified Randall Rex as an expert (appraiser) and produced two reports authored by him. *See* Plaintiff's Expert Discl. at 2.[1] Mr. Rex's opinions relate to the extent to which the Site where Defendants discharged pollutants has increased in market value due to their alleged unlawful filling of wetlands. Doyle Decl. ¶ 2.

On April 8, 2022, Defendants identified putative expert witness "Albert Armada, MAI, SRA, CCIM, CRE Valuation Services Treasure Coast, 100 S.W. Albany Avenue, Suite 200, Stuart, Florida 34994." Defendants' Expert Discl. at 1. Defendants stated (without explanation): "The Report, prepared by Albert Armada, shall be produced at a later date." *Id.* at 2 n.1.

Defendants did not respond to the United States' inquiries about Defendants' failure to produce a report from Mr. Armada. *See* Emails dated Apr. 20 and 25, 2022; Doyle Decl. ¶¶ 4-5. Nevertheless, "without waiver" of its objection to Defendants' non-compliance, the United States provisionally scheduled Mr. Armada's deposition for May 25, 2022. *See* Email dated Apr. 20, 2022; Dep. Notice dated May 6, 2022; Doyle Decl. ¶¶ 4-6.

On May 6, 2022, the parties filed a joint discovery status report. ECF No. 79. At that time, eight depositions had already occurred, and the parties expected to take over a dozen more before the close of discovery. Joint Discovery Status Report at 5. The United States further reserved its "rights and defenses regarding testimony by [Defendants'] property valuation expert, whose expert report was not timely disclosed." *Id.* at 6 n.1.

As Mr. Armada's deposition date approached, Defendants still failed to produce his report. On May 18, 2022, while reiterating its objection, the United States agreed to Defendants' request to reschedule Mr. Armada's deposition "for a later date." Email dated May 18, 2022.

---

[1] The United States has attached documents, notices, report, emails, etc. cited herein which are not already on file to the Declaration of Andrew J. Doyle (which is an exhibit to this motion).

2

Mr. Armada's deposition was re-scheduled provisionally for June 3, 2022. *See* Email dated May 19, 2022; Re-Notice of Dep. dated May 23, 2022.

On May 27, 2022, Defendants served an "Amended Expert Disclosure" in which Defendants purport to "amend its [sic] Expert Disclosures, served on April 8, 2022, and disclose the identity of the following [expert] witness: Mick Stiksma, MAI, MRICS, Managing Partner, CRE Valuation Services, 9655 S. Dixie Highway, Suite 302, Miami, Florida 33156." Defendants' Am. Expert Discl. at 1. Defendants stated: "Mr. Stiksma shall serve as Defendants [sic] expert in substitution of Albert Armada, MAI, SRA, CCIM." *Id.*

Defendants accompanied their untimely disclosure with an appraisal report. The report identifies the "Date of Viewing" as "April 8, 2022" and the "Date of Report" as "May 17, 2022." Report at 1, 6. Although Mr. Stiksma appears to have signed the report, three other persons appear to have signed it too. *Id.* at 4, 12. The report lacks recitation of "the witness's qualifications, including a list of all publications authorized in the previous 10 years" or "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." *See* Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v). Nor does the report include "a statement of the compensation" to be paid to the witness. *See* Fed. R. Civ. P. 26(a)(2)(B)(vi).[2]

## ARGUMENT

***Defendants have "fail[ed] to provide information or identify a witness as required by Rule 26(a)." See Fed. R. Civ. P. 37(c)(1).*** Rule 26(a)(2)(A)-(B) requires parties to disclose the identity of expert witnesses and to produce expert reports that satisfy specified criteria. Moreover, parties must "make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Judge Marra's Amended Scheduling Order,

---

[2] After 5 p.m. EST on June 2, 2022, Defendants provided information that appears to address the substantive deficiencies of Mr. Stiksma's untimely report. Doyle Decl. ¶ 15 & Ex. L.

3

Defendants were obligated, by April 8, 2022, to identify *all* responsive expert witnesses and to produce *all* Rule 26-compliant expert reports. Defendants failed to meet that deadline. Not until the Friday before Memorial Day weekend – seven weeks after the deadline had passed and less than three weeks before the close of discovery – did Defendants identify Mr. Stiksma as an expert witness and produce a report from him. *See supra* at 3. In addition, that report did not meet all of the Rule 26(a) criteria. *See id.*

**Defendants' non-compliance was not "substantially justified." See Fed. R. Civ. P. 37(c)(1).** To date, Defendants have refused to provide any kind of explanation for their non-compliance. *See supra* at 2; Doyle Decl. ¶ 13. Their silence speaks volumes. A "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co. Ltd.,* No. 10-24310, 2011 WL 6372198, at *3 (S.D. Fla. Dec. 20, 2011) (cleaned up; citation omitted).

Moreover, the record shows that Defendants' delay was purposeful. Two of Mr. Stiksma's associates inspected Defendants' Site in early April. *See* Report at cover page, 6, 11. Further, Mr. Stiksma dated his report May 17, 2022, *see id.* at cover page, 6, which is 10 days before Defendants produced it to the United States. These facts support striking Defendants' untimely disclosure and report. *Cf. Bowe v. Public Storage,* 106 F. Supp. 3d 1252, 1260-61 (S.D. Fla. 2015) (the "unapologetic disregard of disclosure requirements weighs in favor of striking this exhibit.") (citation omitted).

**Defendants' failure to comply with Rule 26(a) and Judge Marra's Amended Scheduling Order is harmful to the United States.** Had Defendants timely identified Mr. Stiksma as an expert witness and produced a compliant report, the United States would have had adequate time to prepare for and take Mr. Stiksma's deposition before the close of discovery. In

particular, the United States could have reviewed his report thoroughly, conferred with its own appraiser, researched Mr. Stiksma's qualifications, examined his prior reports or testimony, and propounded requests for the production of documents related to his qualifications or his report. *See, e.g.,* Doyle Decl. ¶ 7 & Ex. F thereto (United States' document requests and interrogatories pertaining to Defendants' timely-disclosed experts). But because of Defendants' non-compliance, there is not enough time for the United States to seek relevant information and meaningfully prepare for Mr. Stiksma's deposition. *See*, *e.g.*, Fed. R. Civ. P. 34(b) (parties have 30 days to respond to document requests). Indeed, as of this motion's filing date, at least five other depositions are scheduled or proposed to occur by June 15. Doyle Decl. ¶ 16.

"Most commonly, the harm associated with untimely expert witness disclosures is the non-disclosing party's inability to adequately prepare its case by deposing the witness during the discovery period." *Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007). That is the case here. Defendants cannot establish that their non-compliance was harmless.[3]

**The United States is entitled to the relief set forth in Rule 37(c)(1).** *See King v. Cessna Aircraft Co.,* No. 03-20482, 2010 WL 11505695, at *2 (S.D. Fla. May 7, 2010) (when a party fails to comply with Rule 26(a), the "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.") (cleaned up; citation omitted).[4]

---

[3] Defendants may continue to argue (as they previously did) that there is no prejudice because Mr. Stiksma "works at the same place" (CRE Valuation Services) as Mr. Armada. Doyle Decl. ¶ 13. Any such argument fails. First, counsel's representation appears to conflict with the United States' research, which does not reveal an association between CRE and Mr. Armada. *Id.* ¶ 14. In any event, prudent counsel prepares to depose an individual, not a firm. Further, any such argument ignores the fact that the report and all of its details are new to the United States.
[4] In the alternative, the Court should at least direct Defendants to make Mr. Stiksma available for deposition within a reasonable time. And in advance of that, the Court should allow the United States to propound document requests related to Mr. Stiksma's qualifications or report.

5

Dated: June 2, 2022                    Respectfully submitted,

TODD KIM
Assistant Attorney General

*/s/ Andrew J. Doyle*
ANDREW J. DOYLE (FL Bar No. 84948)
BRANDON N. ADKINS (Bar ID No. A5502752)
JEFFREY HUGHES (Bar ID No. A5502897)
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel:  (202) 532-3156 (Doyle)
Tel: (202) 616-9174 (Adkins)
Fax: (202) 514-8865
Brandon.Adkins@usdoj.gov
Andrew.Doyle@usdoj.gov

JUAN ANTONIO GONZALEZ
United States Attorney

DEXTER LEE (FL Bar No. 936693)
Assistant United States Attorney
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
Tel: (305) 961-9320
Fax: (305) 530-7679
DLee@usa.doj.gov

*Attorneys for the United States*