UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14205-CIV-MARRA/MAYNARD

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BENJAMIN K. SHARFI, in his personal and
fiduciary capacity as trustee of the Benjamin
Sharfi 2002 Trust, and NESHAFARM, INC.,

Defendants.
_____/

## ORDER AFFIRMING REPORT AND RECOMMENDATION

This cause is before the Court upon Plaintiff's Motion for Summary Judgment (DE 150); Defendants' Cross Motion for Summary Judgment (DE 154); Defendants' Motion to Exclude Testimony of Michael Wylie (DE 155) and Plaintiff's Motion to Exclude Certain Opinions of Defendants' Expert Michael Dennis (DE 161).

This matter was referred to the Honorable Shaniek Mills Maynard, United States Magistrate Judge, Southern District of Florida. A Report and Recommendation, dated September 21, 2024, has been filed. (DE 184.) The Report recommends that Plaintiff's Motion for Summary Judgment (DE 150) be denied, Defendants' Cross Motion for Summary Judgment (DE 154) be granted, and the remaining motions be denied as moot. The Court has conducted an independent *de novo* review of the file, the objections (DE 186) and the response to the objections (DE 188).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The Court agrees with the legal conclusions of the Magistrate Judge as set forth in her thorough and extensive Report and Recommendation (DE 184). None of the

man-made ditches or channels at issue, namely the East-West Ditch, the North-South Ditch or the 84th Avenue Ditch, are "waters of the United States" because they are not "relatively permanent water" as defined by the United States Supreme Court in *Sackett v. Environmental Protection Agency,* 598 U.S. 651, 671-74 (2023) and *Rapanos v. United States,* 547 U.S. 715, 739 (2006).

More importantly, however, even assuming these man-made channels are "waters of the United States," the wetlands on Defendants' property are clearly not "as a practical matter indistinguishable from" these waters because they do not have "a continuous surface connection with that water, making it difficult to determine where the 'water' ends and the 'wetland' begins." *Sackett,* 598 U.S. at 678-79; *Rapanos,* 547 U.S. at 742.  The Court also agrees with the Magistrate Judge's conclusion that "continuous surface connection" means a surface water connection.  Otherwise the Supreme Court's statement in *Sackett* that "temporary interruptions in surface connection may sometimes occur because of phenomena like low tides or dry spells;" and the statement in *Rapanos* that "[w]etlands are 'waters of the United States' if they bear the 'significant nexus' of physical connection, which makes them as a practical matter *indistinguishable* from waters of the United States," would have no practical meaning. *See Sackett,* 598 U.S. at 678; *Rapanos,* 547 U.S. at 755 (emphasis in the original).

In this regard, the Court notes that none of the cases cited by the United States in support of the proposition that "continuous surface connection" does not have to be a surface water connection stand for that proposition.  In *United States v. Andrews,* 677 F.3d 74, 88 (D. Conn. 2023), the court stated that there was

undisputed evidence that "continuous surface flow paths link the wetland with the unnamed tributary." In the government's citation to this case, it conveniently leaves out the word "continuous" which is critical to understanding the import of the court's decision. A "continuous surface flow path" can only mean a continuous surface "water" flow path, rather than a surface path through which water occasionally flows.

In *United States v. Valentine,* 2024 WL 4379735 *4 (E.D.N.C. September 27, 2024), the court was presented with a motion for judgment on the pleadings where the government alleged that the wetland maintained a continuous surface connection with the Roanoke River and its tributaries, which allegation the court was required to accept as true. Whether the continuous connection had to be a surface water connection was not an issue.

In *White v. E.P.A.*, ___ F.3d ___, 2024 WL 3049581 *10 (E.D.N.C. June 18, 2024), the court also never addressed the issue of whether continuous surface connection had to be a surface water connection.

By contrast, the court in *United States v. Ace Black Ranches, LLP.,* Case No. 24-cv-00113-DCN, at 8, n.2 (D. Idaho August 29, 2024), expressly stated in granting a motion to dismiss the government's complaint "The Government still needs to connect any wetlands it believes Ace Black Ranches' has polluted with the River via a *sufficient surface-water connection."* (emphasis added).

In view of all of the foregoing, the Report and Recommendation of the Magistrate Judge is **AFFIRMED AND ADOPTED**.

2) Plaintiff's Motion for Summary Judgment (DE 150) is **DENIED**.

3)     Defendants' Cross Motion for Summary Judgment (DE 154) is **GRANTED**.

4)     The Court will separately enter judgment for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of December, 2024.

                                              KENNETH A. MARRA
                                              United States District Judge